No. 891

KOPPE v. STATE

Ohio Appeals, 4th Dist., Hocking Co.

Decided April 20, 1926

454. EMBEZZLEMENT—In order to constitute, one must show intent to convert and such may be shown either by one refusing to pay over money in his care to an authorized person or denying receipt of said money when he has received it or in the case of a mayor if he does not include fines in his monthly report to the city council as required by statute.

MAUCK, P. J.

F. A. Koppe was indicted, tried and convicted of embezzling $400.00 in the Hocking Common Pleas which came into his hands as mayor of the city of Logan. He now seeks to reverse that judgment.

Koppe received the money in question in cash as payment of a fine assessed by him and failed to include it in his report to the council. Later the auditor asked him why he did not turn in the money and he made no answer. Still later when the state examiner examining his books came upon the item of the fine and immediately asked him if any of the $400 fine had been paid, he answered in the negative. The next day when the examiner confronted him with receipts given by him for the $400 in question, he said it had been paid.

In addition several witnesses were put on the stand who testified that other moneys had been paid and appropriated to his own use, all of which was to show the intent for which he had kept the $400.00.

It is contended by Koppe that these facts do not make a case that should be submitted to a jury because they do not show what he did with the $400 or that he converted it to his own use. The Court of Appeals held:

1. It has been decided that the mere retention of moneys not belonging to him by a private agent or public officer does not constitute embezzlement and that some further fact must be shown before the complete crime is proved.

2. In this case the accused received the fine and subsequently denied such receipt. This evidence is enough to carry the case to the jury, because his denial, made to one who had a right to inquire constituted some evidence of conversion.

3. The charge which discussed 4270 GC. concerning the mayor's monthly report to the council was sound because his failure to report showed clearly a mishandling of funds if not an actual conversion.

4. Further in the charge the court said: " - - - -failure to pay over money - - - to legal authority - - - shall be prima facie evidence of the embezzlement thereof." There is no prejudicial error here because there need not be an ultimate refusal to pay; but by statute it need only be a refusal to make a settlement with an officer to make out a prima facie case.

5. In the last part of the charge the court said: "Neither is it material that Koppe afterwards replaced the money by paying an equal amount to the legal authorities." This is held as erroneous, but read in whole with the part saying "if you find Koppe guilty be-

yond a reasonable doubt it makes no difference - - - -", Koppe was not thereby prejudiced.

Judgment affirmed.

Attorneys—Hogan, Hogan & Hogan, Columbus, and H. W. Whitecraft, Logan, for Koppe; Eugene Wright, Pros. Atty., Logan, Claude W. Pettit, Ada, for State.